(58 Misc. Rep. 461.)
## KRESH v. KRESH.
(Supreme Court, Special Term, New York County. March, 1908.)

MARRIAGE—EVIDENCE.

In an action for separation, where it appears that plaintiff in the courts of a foreign country recovered a judgment for a large amount against defendant for his failure to carry out his promise to marry her, proof of festivities attendant on a "ritual marriage," unaccompanied by compliance with the statutory requirements of such country, is insufficient to show a valid marriage on which to found a decree of separation.

Action by Sadie Kresh against Louis Kresh for a separation. Judgment for defendant.

H. C. Neuwirth, for plaintiff.
J. H. Goldberg, for defendant.

McCALL, J. The decree sought to be obtained in this action, viz., of separation, must be predicated, if it is to obtain, upon a contract of marriage valid under the laws of the Austrian empire and asserted to have been entered into on February 15, 1902.

I am constrained by the proof adduced in this case to reach the determination that no valid contract was made or entered into, and while there are features attendant that are seemingly inexplicable, for instance, the assembly at the hotel at Richelitz, with the canopy, breaking of glass, giving of ring, etc., still they are reconcilable with the contention of the defendant of a forced condition and preparation by the plaintiff and her friends, and with the acceptation of all present they fall far short of the legal requirements which must be observed to warrant the recognition of the existence of a contract upon which to base

the decree prayed for herein. It is safe to say that not one single statutory or legal requirement was complied with, and the strongest possible kind of proof of the recognition of the plaintiff of the absolute invalidity of the ceremony at Richelitz, and of the nonexistence of a valid marriage contract, is afforded by the plaintiff herself in the proceeding she precipitated in February, 1904, against the defendant, in the District Court of Przengl, in the empire of Austria, in which she sought to, and actually did, recover a judgment against the defendant for the sum of 400 korous given him as a loan on his promise to marry her legally, and, he not performing this promise, she brought this suit. This action it must be borne in mind was brought a year and a half after this alleged contract of marriage was entered into, and plaintiff sued in her maiden name of Walder (significant in itself), and the recovery was obtained because he had failed to keep his promise to legally marry her, and in this proceeding she herself swears the ceremony at Richelitz was a "ritual marriage," which defendant refused to make legal according to statute. It is exceedingly difficult to reason to any other conclusion upon this whole record than that we are without an enforceable basis, and judgment must flow to the defendant.

Decree accordingly.